J-S79044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| VICTOR MANUEL FIGUEREO-MARTINEZ, | : | |
| | : | |
| Appellant | : | No. 811 EDA 2016 |

Appeal from the Judgment of Sentence January 29, 2016
in the Court of Common Pleas of Northampton County,
Criminal Division, No(s): CP-48-CR-0001884-2015

BEFORE:  GANTMAN, P.J., MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:  **FILED JANUARY 19, 2017**

Victor Manuel Figuereo-Martinez ("Figuereo-Martinez") appeals from the judgment of sentence imposed following his conviction of possession with intent to deliver a controlled substance ("PWID").  **See** 35 P.S. § 780-113(a)(30).  We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal.  **See** Trial Court Opinion, 1/28/16, at 3-9.

Figuereo-Martinez filed a Motion to suppress, *inter alia*, the physical evidence obtained following his arrest, on the basis that the evidence was the fruit of an illegal arrest and search.  The suppression court conducted an evidentiary hearing, and subsequently denied Figuereo-Martinez's Motion to suppress.

Following a bench trial, Figuereo-Martinez was convicted of PWID. The trial court sentenced Figuereo-Martinez to 5 to 10 years in prison.

Figuereo-Martinez filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Figuereo-Martinez raises the following issue for our review:

Whether the trial court erred in denying [Figuereo-Martinez's] Motion to [s]uppress physical evidence, specifically [Figuereo-Martinez's] gym bag and the contents contained therein, as well as items recovered inside [Figuereo-Martinez's] apartment, all of which were obtained in violation of [Figuereo-Martinez's] rights under the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution[?]

Brief for Appellant at 3.

In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Arnold*, 932 A.2d 143, 145 (Pa. Super. 2007) (citation omitted).

Figuereo-Martinez argues that the trial court erred in denying his Motion to suppress the contents of his gym bag because the police officers did not have reasonable suspicion or probable cause to support the search. Brief for Appellant at 8. Figuereo-Martinez contends that he was seized

- 2 -

when he was placed in handcuffs, seated on the sidewalk, and detained until a canine search could be conducted. *Id.* at 9-10. Figuereo-Martinez asserts that the police officers subsequently obtained a search warrant because they did not believe they had probable cause at that time. *Id.* at 9-10, 11. Additionally, Figuereo-Martinez claims the officers did not observe him engaging in any illegal activity. *Id.* at 10. Figuereo-Martinez also argues that the stop was not supported by reasonable suspicion because it was based on "stale" information (controlled purchases of cocaine at Feliz Auto and Repair by a confidential informant six months prior to Figuereo-Martinez's arrest). *Id.* at 12-13.

In its Opinion, the trial court set forth the relevant law, and determined that Figuereo-Martinez was subjected to an investigative detention, rather than a custodial detention; the investigative detention was supported by reasonable suspicion; and the drugs recovered from Figuereo-Martinez's gym bag did not need to be excluded as "fruit of the poisonous tree" because the evidence was not obtained in violation of his constitutional rights. *See* Trial Court Opinion, 1/28/16, at 9-22. We agree with the sound reasoning of the trial court, and adopt its Opinion for the purpose of this appeal. *See id.*

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017